FILED
2008 Mar-26  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **JOHNNY KEITH YERBEY, and JEFFREY LYNN & CATHY DARLENE YERBEY as parents of** Johnny Keith Yerby,<br><br>       Plaintiffs,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. CV-06-S-0866-NW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

This action was initiated by Johnny Keith Yerby and his parents, Cathy Darlene and Jeffrey Lynn Yerby. Plaintiffs seek damages for serious personal injuries sustained by Johnny Keith Yerby in an automobile wreck that followed the high-speed pursuit of the vehicle in which he was riding as a passenger by Natchez Trace Park Ranger Justin Montgomery, an employee of defendant. The plaintiffs' claims are based upon the Federal Tort Claims Act. The operative facts of this case, and the companion wrongful death action that arose from the same events — *i.e.*, *Belew v. United States*, No. CV-06-J-865-NW (N.D. Ala. filed May 4, 2006) — were summarized by the Eleventh Circuit Court of Appeals as follows:

> On the evening of July 11, 2003, Eric Tate (age 22), Joseph Daniel Belew (age 15), and Johnny Keith Yerbey (age 16) played pool

just north of the Alabama / Tennessee state line at a pool hall. During the evening, Yerbey drank alcohol, Belew smoked marijuana, and Tate consumed both substances.

After leaving the pool hall, Tate – the driver of the vehicle – drove to the intersection of County Road 10 and Natchez Trace Parkway in Alabama. Instead of stopping at the stop sign, Tate came to a "rolling stop." J.J. Montgomery, a Natchez Trace Parkway Ranger employed by the United States National Park Service, was sitting in his vehicle just north of the intersection with his headlights off. After observing the traffic violation, Ranger Montgomery turned on his blue lights and followed Tate. Tate stopped at the intersection of County Road 5 and County Road 10. Montgomery pulled his vehicle behind Tate's and exited. While exiting, Montgomery reached for his shoulder microphone to radio-in the stop. As he did that, he observed Tate turn around and look at him. Tate immediately "gas[sed] it" and took off on County Road 5. The relevant stretch of County Road 5 is a two-lane road with hills and curves. It has no paved shoulders and the speed limit is 45 miles per hour.

Montgomery got into his car, turned on his siren, pursued Tate, and called for backup. The call was placed at 10:46 p.m. The chase reached the speed of 90 miles per hour. When Montgomery noticed he was going that fast he slowed down to "just keep a visual of the vehicle." During the chase, Yerbey begged Tate to stop but he failed to do so. There is no evidence that either Yerbey or Belew encouraged the chase.

Montgomery observed Tate enter a curve, lose control, and strike a tree. At the time of impact, Montgomery was at least 100-200 yards away. Both Yerbey and Belew were severely injured in the crash; Belew later died as a result of his injuries. Tate suffered only minor injuries.

Montgomery called in the crash at 10:47 p.m. – only one minute after he called in the chase. The distance between where the traffic stop and the accident occurred was only 1.75 miles.

*Belew v. United States*, No. 07-12881, 2007 WL 3023127 at *1 (11th Cir. Oct. 17, 2007). The wrongful death action subsequently commenced by the father of Joseph Daniel Belew was assigned to another judge of this court, Judge Inge Pritz Johnson. The present action, commenced by the Yerbeys, is before the court on defendant's motion for summary judgment (doc. no. 21).

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 56 provides, in part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat

> summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (*en banc*).

### GOVERNING PRINCIPLES OF LAW

The United States may be held liable under the Federal Tort Claims Act for personal injuries or death caused by the negligent or wanton conduct of a federal employee while acting within the scope of his or her employment, but only if a private person who committed the same acts as the federal employee would be liable under the laws of the state in which the underlying events occurred. *See* 28 U.S.C. § 1346(b)(1). Accordingly, this court must look to the law of Alabama to determine whether the plaintiffs in this case can recover from the United States.

An Alabama negligence claim requires a plaintiff to prove that his damages were the proximate result of the defendant's breach of a duty imposed by law. *See, e.g., Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994) ("To establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury.") (citing *Albert v. Hsu*, 602 So.

4

2d 895, 897 (Ala. 1992)). To establish wantonness under Alabama law, a plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act, or omitted some known duty, and, that wrongful act or omitted duty was the proximate cause of the plaintiff's injuries. *See, e.g., Smith v. Davis*, 599 So. 2d 586, 588 (Ala. 1992) (citing *Pate v. Sunset Funeral Home*, 465 So. 2d 347 (Ala. 1984)).[1] The outcome of this action turns on the issue of proximate cause.

The concept of "proximate cause" is defined by Alabama law as "an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred." *Thetford v. City of Clanton*, 605 So. 2d 835, 840 (Ala. 1992). The question of whether the injuries complained of by a plaintiff were proximate caused by a defendant's alleged negligence or wantonness normally is determined by the fact-finder, but the issue may be decided on summary judgment if "there is a total lack of evidence from which the fact-finder may reasonably infer a direct causal relation between the culpable conduct and the resulting injury." *Green v. Alabama Power Co.*, 597 So. 2d 1325, 1328 (Ala. 1992).

---

[1] Under Alabama law, wanton conduct must be shown by substantial evidence. *See* Alabama Code 1975, § 12-21-12 (1975).

## DISCUSSION

In the companion wrongful death action that arose out of the same operative facts, Judge Johnson granted summary judgment in favor of the United States, saying that "under Alabama law, the decedent's death was proximately caused by Eric Tate's flight from Ranger Montgomery, and not by Montgomery's chase." *Belew v. United States*, No. CV-06-J-865-NW, slip op. at 10 (N.D. Ala. Apr. 24, 2007) (Johnson, J.). That decision was affirmed by the Eleventh Circuit, which held that, under Alabama law, it was the conduct of Eric Tate — the driver of the fleeing vehicle — and not the pursuit of Tate's vehicle by Park Ranger Montgomery that was the proximate cause of the death of Joseph Daniel Belew, a passenger in Tate's vehicle. *See Belew v. United States*, No. 07-12881, 2007 WL 3023127 (11th Cir. Oct. 17, 2007). The Eleventh Circuit mandate issued on December 12, 2007, and controls the disposition of this action. As that court noted, because the Alabama Supreme Court has concluded that an offender who flees law enforcement officers is the proximate cause of injuries to both the driver of the pursued vehicle, *see Gooden v. City of Talladega*, 966 So. 2d 232 (Ala. 2007), and *Blair v. City of Rainbow City*, 542 So. 2d 275 (Ala. 1989), and innocent third-parties in other vehicles, *see Doran v. City of Madison*, 519 So. 2d 1308 (Ala. 1988), and *Madison v. Weldon*, 446 So. 2d 21 (Ala. 1984), "the same conclusion should apply to innocent third-parties in the same vehicle as the

fleeing offender." *Belew*, 2007 WL 3023127 at *4 n.1.

## CONCLUSION and ORDERS

Accordingly, defendant's motion for summary judgment is due to be, and it hereby is, granted, and it is ORDERED that all of the plaintiffs' claims be dismissed with prejudice. Costs are taxed to plaintiffs. The Clerk is directed to close this file.

DONE and ORDERED this 26th day of March, 2008.

_____
United States District Judge